IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ARVIND PATEL, | ) | Case No. 04 B 12301 |
| | ) | |
| Debtor. | ) | |
| VIJAY PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 04 A 03104 |
| | ) | |
| ARVIND PATEL, | ) | |
| | ) | |
| Defendant. | ) | Hon. Susan Pierson Sonderby |

## MEMORANDUM OPINION

This matter comes before the court on Plaintiff's Amended Motion for Summary Judgment Combined with Memorandum of Law. For the reasons stated herein, the motion is denied.

### Jurisdiction and Venue

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois. Because this matter concerns the dischargeability of a debt, it is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue lies in this court pursuant to 28 U.S.C. § 1409(a).

### BACKGROUND

On March 29, 2004 ("Petition Date"), Arvind Patel ("Debtor"), filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Code"). On July 12, 2004, the Debtor's nephew, Vijay Patel ("Vijay"), filed a one-count adversary complaint against Debtor seeking a determination that the debt owed to him by Debtor is excepted from discharge under

section 523(a)(2)(A) of the Code. Vijay amended the complaint on October 20, 2004, adding a second count to except the debt from discharge under section 523(a)(6) (the "Amended Complaint").

Vijay alleges in the Amended Complaint that he considered purchasing land in Georgia and getting into the outdoor advertising business. He contends in the Amended Complaint that he eventually located a 169-acre tract of land to purchase for development. His plan was to harvest timber from the land, sell some of the land as commercial lots and erect billboards on the remaining land.

Vijay further alleges that he contacted possible sources of financing and was turned down. Subsequently, his uncle, the Debtor agreed to loan him money. According to Vijay, Debtor proposed that Vijay, Debtor, Debtor's wife and Prashant Kothari form a corporation to own and develop the property. Each would own an equal share of the company. According to the Amended Complaint, Vijay and Debtor then allegedly took the necessary steps to further the plan.

Debtor admits that a corporation named Interstate Development Services of Lake Park, Inc. ("Interstate") was formed and that Interstate purchased the property. Debtor further admits that the subscription agreements for Interstate's stock required each shareholder to sign a promissory note and contribute capital.

The allegations of the Amended Complaint describe a falling out among the principles of Interstate. Interstate eventually sued Vijay in Cook County, Georgia, claiming he was in default under the note and subscription agreement (the "First Lawsuit"). According to the Amended Complaint, Vijay filed a counterclaim asserting the "defense of inceptive fraud" and a counterclaim for "his share of profits [Interstate] should have made from developing the property." (Amended Complaint, ¶ 52). Vijay contends that after a trial in the First Lawsuit "equal and opposing verdicts"

for Interstate on its complaint and Vijay on his counterclaim were entered. (Amended Complaint, ¶ 68). According to Vijay, Interstate appealed and the appellate court reversed Vijay's judgment against Interstate and affirmed Interstate's judgment against Vijay.

A second lawsuit involving the same parties was commenced in May 1996, when Vijay filed a shareholder action in the Superior Court of Lowndes County, Geogia against Debtor, Debtor's wife, Kothari, and Interstate (the "Second Lawsuit"). Vijay also filed a motion in Cook County, Georgia to set aside Interstate's judgment against him entered in the First Lawsuit, as being procured by fraud. That motion was granted and a new trial on the First Lawsuit was ordered. The parties thereafter purportedly agreed to transfer the First Lawsuit to Lowndes County where it was consolidated for trial with the Second Lawsuit.

On November 14, 2001, after a trial in the consolidated lawsuits, the jury issued a verdict against all of the defendants (the "Verdict") assessing compensatory damages in favor of Vijay against all of the defendants and punitive damages against Debtor, Debtor's wife and Kothari. The Verdict does not contain any specific factual findings in support of finding liability under each individual count of the State court complaint. The only finding included in the Verdict is an affirmative answer to this question:

> Do you find that there is clear and convincing evidence that Defendants Arvind Patel, Prashant Kothari, or Varsha Patel's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that the entire want of care which would raise the presumption of conscious indifference to consequences to the Plaintiff, and if so, should the Plaintiff recover additional or punitive damages to punish, penalize or deter the Defendants from repeating their wrongful conduct?

(Amended Complaint, Ex. A).

The Superior Court issued a final judgment based on the Verdict on November 21, 2001 (the

3

"Judgment"). The Judgment merely contains a reiteration of the damages awarded by the jury, with no factual findings or legal conclusions. The defendants filed motions for relief after entry of the Judgment, which were denied on June 20, 2002. That order did not contain any factual findings. The defendants appealed to the Georgia Court of Appeals, which affirmed the Judgment on June 17, 2003.

After Debtor filed for bankruptcy, Vijay filed the Amended Complaint seeking to have the debt determined non-dischargeable. Debtor filed an answer to the Amended Complaint on June 30, 2005. Vijay thereafter filed a motion for summary judgment on both counts of the Amended Complaint.[1]

## DISCUSSION

### A. Summary Judgment Standards

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Bankr. Pro. 7056(c); Fed. R. Civ. Pro. 56(c). *See, e.g.*, Bellaver v. Quanex Corp., 200 F.3d 485, 491 (7th Cir. 2000); Feldman v. American Mem'l Life Ins. Co., 196 F.3d 783, 789 (7th Cir.1999). In ruling on the motion, the court reviews the record in the light most favorable to the non-moving party and draws all reasonable inferences therefrom in the non-movant's favor. Schneiker v. Fortis Ins. Co., 200 F.3d 1055, 1057 (7th Cir.2000); Filipovic v. K & R Express Sys., Inc., 176 F.3d 390, 395 (7th Cir.1999). Factual disputes are genuine only when there is "sufficient

---

[1] Vijay filed a second amendment to his complaint on August 8, 2005, which added counts based on sections 727(a)(4) and 727(a)(3) of the Code. The amendment is not involved with the issues presented in Vijay's pending motion for summary judgment.

4

evidence favoring the non-moving party for a [fact finder] to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Factual disputes that are colorable, not significantly probative, or speculative are *not* genuine. Id. at 249-50. The party moving for summary judgment carries the initial burden of proving the absence of any genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the movant has satisfied this burden, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Pro. 56(e). The non-moving party "may not rest upon the mere allegations or denials of [its] pleading, but [its] response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Id. *see, e.g.*, First Commodity Traders Inc. v. Heinold Commodities, Inc., 766 F.2d 1007, 1011 (7th Cir.1985). The non-movant must show that the factual issue is "material." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir.1996). "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." Id. A fact is material if it raises "disputes that could affect the outcome of the suit under governing law . . . ." McGinn v. Burlington N. R.R. Co., 102 F.3d 295, 298 (7th Cir.1996)(*citation omitted*).

When such a motion is presented, the court's role stops short of resolving factual disputes or weighing conflicting evidence. Anderson, 477 U.S. at 250-51. Summary judgment is appropriate "when a party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Indiana Ins. Co. v. Pana Cmty. Unit Sch. Dist No. 8, 314 F.3d 895, 900 (7th Cir.2002) (*quoting* Celotex, 477 U.S. at 322). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

unnecessary will not be counted." Fritcher v. Health Care Serv. Corp., 301 F.3d 811, 815 (7th Cir.2002) (*quoting* Anderson, 477 U.S. at 248). "[E]ven where many or all of the material facts are undisputed, the court still must ascertain that judgment is proper 'as a matter of governing law.'" John v. Gudmundsson, 35 F.3d 1104, 1112 (7th Cir. 1994)(*citations omitted*).

A creditor is required to establish by a preponderance of the evidence that the debt in question should be excepted from discharge. Grogan v. Garner, 498 U.S. 279, 291 (1991) ; In re Morris, 223 F.3d 548 (7th Cir. 2000). And in furtherance of the policy of providing a debtor a fresh start in bankruptcy, "exceptions to discharge are to be constructed strictly against a creditor and liberally in favor of a debtor." Goldberg Sec., Inc. v. Scarlata (In re Scarlata), 979 F.2d 521, 524 (7th Cir.1992)(*citation omitted*).

Vijay contends that summary judgment is proper because the underlying grounds for finding a debt to be non-dischargeable under sections 523(a)(2)(A) and 523(a)(6) were decided in the state court proceeding and therefore Debtor should be collaterally estopped from re-litigating the issues. Vijay argues therefore that he is entitled to judgment on the Amended Complaint as a matter of law. Because Vijay's argument rests solely on the doctrine of collateral estoppel, the court will review the applicable legal principles and apply them accordingly.

**B.      Collateral Estoppel**

Under the doctrine of collateral estoppel, litigants are generally precluded from re-litigating issues that had been previously adjudicated in a prior suit. Meyer v. Rigdon, 36 F.3d 1375, 1379 (7th Cir. 1994). The Supreme Court has held that in the absence of a countervailing statutory policy, the doctrine is applicable in proceedings based on section 523(a) of the Code. *See* Grogan, 498 U.S.

6

at 285 n.11; Brown v. Felsen, 442 U.S. 127, 139 n.10 (1979). In the Seventh Circuit, bankruptcy courts are instructed that "[w]here a state court determines factual questions using the same standards as the bankruptcy court would use, collateral estoppel should be applied to promote judicial economy by encouraging the parties to present their strongest arguments." Klingman v. Levinson, 831 F.2d 1292, 1295 (7th Cir. 1987)(citation omitted).

The preclusive effect of a state court judgment in a federal case is a matter of state law. In re Catt, 368 F.3d 789, 790-91 (7th Cir. 2004); Brokaw v. Weaver, 305 F.3d 660, (7th Cir. 2002). The parties agree that Georgia law is the applicable state law. Under Georgia law:

> Collateral estoppel requires identity of the parties and their privies in both actions. However, collateral estoppel does not require precise identity of the claim–so long as an issue was determined in the previous action and there is identity of the parties or their privies, that issue may not be re-litigated, even as part of a different claim. Collateral estoppel not only precludes those issues that actually were litigated and decided in the previous action, it also precludes issues that necessarily had to be decided in order for the previous judgment to have been rendered. Therefore, collateral estoppel does not necessarily bar an action merely because the judgment in the prior action was on the merits. Before collateral estoppel will bar consideration of an issue, that issue must actually have been decided.

In re T.M.G., 570 S.E.2d 327, 329 (Ga. 2002) (footnotes omitted).

Whether the doctrine will foreclose this court from determining the issues associated with finding a debt to be excepted from discharged under sections 523(a)(2)(A) and 523(a)(6), necessitates a review of these sections.

C.    **Count I— § 523(a)(2)(A): Actual Fraud**

Under section 523(a)(2)(A), a debt is excepted from a discharge if it was:

for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—
(A) false pretenses, a false representation, or actual fraud, other than a statement

7

respecting the debtor's or an insider's financial condition.

11 U.S.C. 523(a)(2)(A) (West 2004). Even though the elements of each cause of action vary under common law, the Seventh Circuit Court of Appeals applies a single test for all three grounds. Mayer v. Spanel Int'l Ltd. (In re Mayer), 51 F.3d 670, 673 (7th Cir. 1995); Rezin v. Barr (In re Barr), 194 B.R. 1009, 1017 (Bankr. N.D. Ill. 1996), *but see* Field v. Mans, 516 U.S. 59, 69-75 (1995)(Supreme Court concluded that unless a statute dictates otherwise, courts are to infer that the common law meaning attributed to common law terms used by Congress within a statute should be applied).

In order to prevail under section 523(a)(2)(A), the plaintiff must prove that: (1) the debtor incurred the debt through representations that he knew to be false or made with such reckless disregard for the truth so as to constitute willful misrepresentation; (2) the debtor intended to deceive the creditor; and (3) the creditor justifiably relied on the debtor's representations. Mayer, 51 F.3d at 673; In re Sheridan, 57 F.3d 627, 635 (7th Cir.1995), *abrogated in part,* Field, 516 U.S. at 69-75.

An interrelationship exists between the first two elements in that the "proof of intent to deceive is measured by the [d]ebtor's subjective intention at the time the representation was made." Bletnitsky v. Jairath (In re Jairath), 259 B.R. 308, 315 (Bankr. N.D. Ill. 2001). *See also* Citibank, N.A. v. Michel, 220 B.R. 603, 606 (N.D. Ill. 1998)("Under the common law—which governs the interpretation of § 523(a)(2)(A), (citing Field), fraud exists only if a speaker is *subjectively* aware that his statements are false or that they might be false."). The finder of fact may infer a person's intent to deceive where the person knowingly or recklessly made false representations which the person knew or should have known would induce another to act. First Nat'l Bank of Red Bud v. Kimzey (In re Kimzey), 761 F.2d 421, 424 (7th Cir. 1985) *abrogated as to other issues by* Grogan v. Garner, 498 U.S. 279 (1991); CFC Wireforms, Inc. v. Monroe (In re Monroe), 304 B.R. 349, 356

8

(Bankr. N.D. Ill. 2004); Fosco v. Fosco (In re Fosco), 289 B.R. 78, (Bankr. N.D. Ill. 2002). *See also* Mayer, 51 F.3d at 675 ("[R]eckless disregard of the truth is a form of intent to defraud.").

The remaining element under § 523(a)(2)(A) requires a finding of causation. The plaintiff must establish that it actually and justifiably relied on the debtor's misrepresentation. Jairath, 259 B.R. at 315. Justification is measured by "the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case." Field, 516 U.S. at 71. Though a victim may not claim that it justifiably relied on the alleged misrepresentation "where, under the circumstances, the facts should be apparent to one of his knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived." Field, 516 U.S. at 71 (*quoting* W. Prosser, Law of Torts § 108, p. 718 (4th ed. 1971)). Additionally, an action based on fraud requires the existence of a material misrepresentation or omission. Mayer, 51 F.3d at 676 (7th Cir. 1995)("Reliance means the conjunction of a material misrepresentation with causation in fact."); Bombardier Capital, Inc. v. Dobek (In re Dobek), 278 B.R. 496, 505 (Bankr. N.D. Ill. 2002); Rae v. Scarpello (In re Scarpello), 272 B.R. 691, 700 (Bankr. N.D. Ill. 2002); *Accord* Neder v. United States, 527 U.S. 1, 21-23 (1999)(In its analysis of federal mail fraud, wire fraud and bank fraud statutes and relying in part on its decision in Field, the Supreme Court concluded that the well-settled meaning of "fraud" requires proof of materiality).

However, when actual fraud is the ground that a nondischargeability claim is based upon, the Seventh Circuit Court of Appeals has held that the existence of a misrepresentation and reliance thereon may not necessarily be required to establish actual fraud. McClellan v. Cantrell, 217 F.3d 890, 893-94 (7th Cir. 2000). By way of providing a further explanation of "fraud", the Seventh Circuit Court stated:

9

> No learned inquiry into the history of fraud is necessary to establish that it is not limited to misrepresentations and misleading omissions. "Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth. No definite and invariable rule can be laid down as a general proposition defining fraud, and it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated."

Id. at 893 (*citation omitted*).

Based on the evidence submitted in support of this summary judgment motion, the court would be hard pressed to conclude that the principles of collateral estoppel apply to the Judgment entered in the state court proceeding. In particular, this court is unable to determine that the issue of fraud was actually litigated and decided in the state court proceeding.

Although Vijay has provided the court with copies of the Verdict and the Judgment, neither contains any findings of facts or legal conclusions that would give its reader an unequivocal understanding that the Judgment was based on a determination that the Debtor committed fraud within the meaning of section 523. The Verdict which Vijay's collateral estoppel argument relies upon, is essentially an allocation of damages and expenses. Nothing in the Verdict conclusively indicates on what cause of action Debtor's liability is based. Moreover, the Judgment did nothing more than reiterate how the damage award was to be allocated amongst the defendants. Additionally, the order issued in response to post-trial motions did not clarify what Debtor was being held liable for.[2]

---

[2]

The trial judge's only reference to Debtor's use of misrepresentations was made in his order denying Defendant's motion for a new trial. That portion of the order reads, in part:
> The motions for new trial by each of the Defendants are denied. The Plaintiff's evidence that the Defendants mistreated other Indian immigrants in addition to the Plaintiff through the use of fraudulent misrepresentations or breach of fiduciary duty was sufficiently similar and related in time and character to be admissible. The probative value of this similar transaction evidence in showing intent, motive, and bad faith outweighed any unfair prejudice to the Defendants. Furthermore, the jury was

In his state court complaint, Vijay lists four separate counts—Shareholder Relief in Statutory Close Corporation, Shareholder's Direct Action, Shareholder's Derivative Action, Injunctive Relief, and Fraud. The elements necessary to maintain a cause of action under each of these counts are neither similar nor identical.[3] There is no way of determining, based on either the Verdict or the

---

properly instructed as to the limited purpose of the evidence and the standards to be applied before considering it. The weight, if any, to be given the evidence was properly left to the jury. (Citations omitted) . . . .

Vijay's Ex. I at ¶ 5. Although a reference is made to "fraudulent misrepresentations," this in and of itself does not give a clear indication that an adjudication was made that Debtor did in fact commit fraud and that the Judgment arose from such a determination.

[3]
In the count titled "Shareholder Relief in Statutory Close Corporation" Vijay requested monetary relief under sections 14-2-941, 14-2-942 and 14-2-943 of the Code of Georgia. In order to obtain this relief, a shareholder of a statutory close corporation must prove one of the grounds for relief outlined in section 14-2-940. Section 14-2-940(a), states:

(a) Subject to satisfying the conditions of subsections (c) and (d) of this Code section, a shareholder of a statutory close corporation may petition the superior court for any of the relief described in Code Section 14-2-941, 14-2-942, or 14-2-943 if:

(1) The directors or those in control of the corporation have acted, are acting, or will act in a manner that is illegal, oppressive, fraudulent, or unfairly prejudicial to the petitioner, whether in his capacity as shareholder, director, or officer of the corporation;

(2) The directors or those in control of the corporation are deadlocked in the management of the corporation's affairs, the shareholders are unable to break the deadlock, and the corporation is suffering or will suffer irreparable injury or the business and affairs of the corporation can no longer be conducted to the advantage of the shareholders generally because of the deadlock; or

(3) There exists one or more grounds for judicial dissolution of the corporation under Code Section 14-2-1430.

Ga. Code Ann. § 14-2-940(a).

Count two of his state court complaint, "Shareholder's Direct Action", premised on a alleged violation of the statutory fiduciary duties of particular Defendants. See Ga. Code Ann. §§ 14-2-830 & 14-2-842. Based upon this alleged breach, Vijay requested costs, actual damages and punitive damages.

Vijay's "Shareholder's Derivative Action" count based on statutory provisions in the Code of Georgia. See Ga. Code. Ann. § 14-2-740 et seq. This is also premised on an alleged breach of fiduciary duty on the part of certain Defendants. From this, Vijay is requesting an award of costs he incurred by bringing the action.

Under the "Injunctive Relief" count, Vijay relies on specific statutory provisions to justify relief. See Ga. Code Ann. § 9-11-65 & 9-5-3(b). Although Vijay's request for an injunction is a non-monetary form of relief, Vijay did request an award of costs based bringing the action.

The last count of Vijay's complaint requested costs, actual damages and punitive damages based on an allegation that the Defendants committed fraud. Although Vijay did not cite a statutory provision in support of his cause of action, Georgia's Supreme Court requires claimants to prove five elements: (1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. City Dodge, Inc. v. Gardner, 208 S.E.2d 794, 797 n.1 (Ga. 1974).

11

decisions issued by both the trial and appeals court, what cause or causes of actions the Judgment was based upon. Accordingly, this court cannot conclude that the Judgment was based on a finding of fraud. *See, e.g.*, Guardado v. Bozovic (In re Bozovic), 2004 WL 1905355, *6 (Bankr. N.D. Ill. Aug. 24, 2004)("Detailed findings of fact from the earlier proceeding are necessary to enable the bankruptcy court in the subsequent adversary proceeding to determine which facts were actually proven, which issues were decided, and what was essential to the other court's judgment. It is both fair and logical that a party be required to prove all essential elements of its case at least once before the doctrine of collateral estoppel may be appropriately applied in the second proceeding. Absent an adequate showing of what evidence was submitted in the prior proceeding and an absence of detailed findings of fact and conclusions of law from that proceeding, the doctrine of collateral estoppel is not properly applied here.")

Vijay has failed to convince the court that the doctrine of collateral estoppel applies with respect to Count I of the Amended Complaint. Summary judgment on Count I will be denied.

**D.    Count II— § 523(a)(6)**

Section 523(a)(6) states, in relevant part:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 526(a)(6). In order to obtain a determination that a debt is excepted from discharge

---

As noted, the requisite elements that Vijay was required to prove in order to establish a right to relief under each count of his complaint are distinctly different from each other. There is no way for the Court to conclude that the judgment issued in the state court proceeding was based on a determination that Debtor committed fraud.

12

based on section 523(a)(6), a creditor must prove that: (1) the debtor caused the injury to which the debt is based upon; (2) the debtor's actions were willful; and (3) the debtor's actions were malicious. 11 U.S.C. § 523(a)(6). *See, e.g.*, Rizzo v. Passialis (In re Passialis), 292 B.R. 346, 352 (Bankr. N.D. Ill. 2003); Lincoln Land FS, Inc. v. Bennett (In re Bennett), 293 B.R. 760, 762 (Bankr. C.D. Ill. 2003); French, Kezelis & Kominiarek, P.C. v. Carlson (In re Carlson), 224 B.R. 659, 662 (Bankr. N.D. Ill.1998), *aff'd*, No. 99 C 6020, 2000 WL 226706 (N.D. Ill. Feb. 22, 2000), *aff'd*, No. 00-1720, 2001 WL 1313652 (7th Cir. Oct. 23, 2001).

The Supreme Court concluded in Kawaauhau v. Geiger that "the word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." 523 U.S. 57, 61 (1998)(emphasis in original). Injuries that arise from either negligent or reckless acts are not actionable under section 523(a)(6). Id. at 61-62. Quoting the Restatement (Second) of Torts, the Supreme Court remarked that the difference between willful injuries and intentional torts is that intentional torts "generally require that the actor intend 'the *consequences of an act,' not simply 'the act itself.*'" Kawaauhau, 523 U.S. at 61-62(*quoting* Restatement (Second) of Torts § 8A, Comment a, p. 15 (1964)(emphasis in original)).[4]

The Supreme Court stopped short, however, of specifying the type of "intent" that would give rise to willful conduct. The Seventh Circuit Court of Appeals has not addressed this issue. Based

---

[4]

Restatement (Second) of Torts § 8A, Comment a states:
"Intent," as it is used throughout the Restatement of Torts, has reference to the consequences of an act rather than the act itself. When an actor fires a gun in the midst of the Mojave Desert, he intends to pull the trigger; but when the bullet hits a person who is present in the desert without the actor's knowledge, he does not intend that result. "Intent" is limited, wherever it is used, to the consequences of the act.
REST 2d TORTS § 8A

13

on the Supreme Court's reliance on the Restatement, a number of courts have concluded that the requisite level of intent is measured by a showing that the debtor had a subjective motive to injure the creditor or that the debtor subjectively believed that injury was substantially certain to occur as a result of his acts. *See, e.g.*, Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1208 (9th Cir. 2001); Markowitz v. Campbell (In re Markowitz), 190 F.3d 455, 465 (6th Cir. 1999); Fischer v. Scarborough (In re Scarborough), 171 F.3d 638, 641 (8th Cir. 1999); Miller v. J.D. Abrams, Inc. (In re Miller), 156 F.3d 598, 604 (5th Cir. 1998); First Nat'l Bank of Md v. Stanley (In re Stanley), 66 F.3d 664, 668 (4th Cir. 1995); Conte v. Gautum (In re Conte), 33 F.3d 303, 305-6 (3d Cir. 1994); Bukowski v. Patel, 266 B.R. 838, 843-44 (E.D. Wis. 2001); In re Passialis, 292 B.R. 346, 352-53 (Bankr. N.D. Ill. 2003); Fidelity Financial Serv. v. Cox (In re Cox), 243 B.R. 713, 717-18 (Bankr. N.D. Ill. 2000); *but see* Carrillo v. Su (In re Su), 290 F.3d 1140, 1144 (9th Cir. 2002)(clarifying its holding in Petralia). For reasons that will be explained below, the court finds it unnecessary to add its voice on the issue at this time.

The last element, malicious, "means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." Matter of Thirtyacre, 36 F.3d 697, 700 (7th Cir. 1994)(*quoting* Wheeler v. Laudani, 783 F.2d 610, 615 (6th Cir. 1986)).

Whether the debtor's conduct was willful and malicious involves a question of fact which is reserved for the trier of fact. Thirtyacre, 36 F.3d at 700 (7th Cir.1994); McNichols v. Shala (In re Shala), 251 B.R. 710, 713 (N.D. Ill. 2000). Since the likelihood that a person will admit to acting in a willful and malicious manner is rare, those elements may be inferred from the circumstances surrounding the injury. Cutler v. Lazzara (In re Lazzara), 287 B.R. 714, 723 (Bankr. N.D. Ill. 2002).

In support of his motion, Vijay argues that the jury found that:

14

> [Debtor's] actions "showed **willful misconduct . . ., malice,** fraud, wantonness, oppression or that **entire want of care which would raise the presumption of conscious indifference to [the] consequences . . .;**" and (2) that [Debtor] **"acted with specific intent to cause harm."**

(Amended Motion for Summary Judgment, p. 8)(emphasis in original). According to Vijay's reading of the Verdict, the jury's finding is equivalent to a determination that Debtor's acts constitute a "willful and malicious injury." As such, Vijay argues that collateral estoppel precludes further litigation on this issue and the debt should be excepted from discharge.

The court declines the invitation to adopt Vijay's reading of the Verdict. As noted above, the Verdict reads, in pertinent part:

> 4. Do you find there is clear and convincing evidence that **Defendants Arvind Patel, Prashant Kothari, or Varsha Patel's** actions showed willful misconduct, malice, fraud, wantonness, oppression, **or** that entire want of care which would raise the presumption of conscious indifference to consequences to the Plaintiff, and if so, should the Plaintiff recover additional or punitive damages to punish, penalize or deter the Defendants from repeating their wrongful conduct?

(Amended Complaint, Ex. A)(emphasis added). Immediately following this statement are two lines. One is labeled "Yes" and the other "No." A check mark was placed on the "Yes" line.

Debtor argues that a finding of "willful and malicious injury" cannot be based on a jury verdict that is in the disjunctive as to the Defendants, the nature of the claim, the nature of the damages and the purposes of the damages. This court agrees.

Due to the manner in which the question is worded, the court can not ascertain who the jury determined showed "willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care which would raise the presumption of conscious indifference to consequences to the

15

Plaintiff." Use of the conjunction "or" between "Prashant Kothari" and "Varsha Patel" signifies that the finding may not necessarily apply to all three defendants.

Secondly, inclusion of the conjunction "or" in the phrase "willful misconduct, malice, fraud, wantonness, oppression, **or** the entire want of care which would raise the presumption of conscious indifference to consequences to the Vijay" does not clearly indicate how the jury characterized the defendants, let alone the Debtor's actions. The jury very well could have concluded that the acts amounted to nothing more than wantonness or oppression. Acts based on wantonness or oppression may not necessarily fall under the category of a "willful and malicious injury."[5] See, e.g., Miller v. Held (In re Held), 734 F.2d 628, 629 (11th Cir. 1984)("Although the plaintiff raised the issue of willfulness in the state court proceeding, the award of punitive damages does not necessarily include a finding that defendants acted willfully and maliciously. The state court charged the jury that it could award punitive damages if the acts of the defendants "were willful *or* showed a *reckless indifference* to the rights of the plaintiff." (emphasis added). The jury might have based its verdict on recklessness.")

The court is unable to conclude based on the submissions before it that the issue of "willful and malicious injury" was determined in the state court proceeding. As such, material questions of fact are still in dispute as to the dischargeability of the Judgment debt. Vijay's amended motion for summary judgment will also be denied as to Count II of the Amended Complaint.

---

[5] Blacks Dictionary defines "wantonness" as "Conduct indicating that the actor is aware of the risks but indifferent to the results. • Wantonness usu. suggests a greater degree of culpability than recklessness, and it often connotes malice in criminal-law contexts. Cf. RECKLESSNESS." (8th Ed. 2004). "Oppression" is defined as "The act or an instance of unjustly exercising authority or power" Id.

## CONCLUSION

For the reasons set forth in this opinion, Vijay's Amended Motion for Summary Judgment is denied. The court will enter a separate order.

Date: April 6, 2006

ENTER:

Susan Pierson Sonderby
United States Bankruptcy Judge